Probate Court of Tuscarawas County.

IMOGENE FUNKHAUSER V. CITY OF DOVER.

Decided November 21, 1928.

*Wilkin, Fernsell, Fisher & Limbach,* for plaintiff.
*Seikel, Hill & Seikel,* and *A. C. Ruff, for* defendant.

LAMNECK, J.

The city of Dover filed an application in this court against Euba S. Lengler et al., asking for the empaneling of a jury to assess compensation for land appropriated by it for cemetery purposes.

The day prior to the date that this application was set for trial, Imogene Funkhauser, one of the defendants in the appropriation proceeding filed an application in this court, asking for a temporary injunction to restrain the city of Dover from proceeding with its application to assess compensation, on the ground that the premises sought to be appropriated are not now reasonably necessary to the city's use.

Is injunction a proper remedy? It is well settled that the only matter with which the court is concerned in a proceeding to assess compensation and damages, if the proper notice has been given, is the value of the property. The issue of whether the public need is being supplied, cannot be raised in the proceeding to assess compensation. A party who wishes to raise such an issue, has no method of doing so, except by way of an injunction proceeding. That injunction is a proper remedy has been decided by the courts of this state on many occasions. See *Railway Co.* v. *Greenville,* 69 O. S., 487; *Sargent* v. *Cincinnati,* 110

O. S., 447; and *State, ex rel. Mac Diarmid,* v. *Eastman, Judge,* 118 O. S., 128.

The applicant for an injunction contends that the court has power under Section 11877 of the General Code to grant the injunction prayed for, either as an ancillary matter to the appropriation proceeding, or as a judgment in an original action.

The pertinent part of said section reads as follows:

"At the beginning of an action, or any time before judgment, the injunction may be granted by the * * * probate court, in causes pending therein, upon its appearing to the court, or judge, by affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto."

Who is the plaintiff referred to in this section? In the opinion of the court this refers to the original appropriation action, viz.: *"The City of Dover* v. *Euga S. Lengler et al."* As the city of Dover is the plaintiff in that case, this section would not confer authority on the court to grant an injunction to one of the defendants.

Section 11893 of the G. C., provides that a defendant may obtain an injunction upon an answer in the nature of a counterclaim and proceed in the manner prescribed for the plaintiff. But as the defendant is precluded from filing an answer by the decisions of the Supreme Court in the cases of *Railway Co.* v. *Greenville,* 69 O. S., 487, and in *Sargent* v. *Cincinnati,* 110 O. S., 447, the relief asked for cannot be afforded in that manner.

The Supreme Court in the case of *Sargent* v. *Cincinnati,* 110 O. S., 447, above referred to, has ruled specifically on this question when it says in the second paragraph of the syllabus: "Injunction will lie in an independent suit to determine whether the public need is being supplied."

The question then arises whether the court can hear this question as an independent suit?

Rockel, in paragraph 25 of his book on Probate Practice holds that the Probate Court has power only to grant an injunction in cases pending therein as an ancillary matter and not as an original proceeding. It can be inferred in *Doan* v. *Biteley,* 49 O. S., 588; and *Clapp* v. *Bank-*

*ing Co.*, 50 O. S., 528, that the Probate Court possesses no original chancery powers, but has power to grant equitable relief, if it has jurisdiction of the subject matter conferred.

It must, therefore, be concluded that the Probate Court has no jurisdiction to grant an injunction, either as an ancillary matter in the proceeding to assess compensation, or as a remedy in an original action.

The petition for an injunction will, be dismissed.